ANDREW J. EWINGS, APPELLANT, V. SOLOMON HOFFINE, APPELLEE.

FILED JANUARY 8, 1903. No. 12,706.

**Appeal:** LAW ACTION: JURISDICTION: DISTRICT COURT: SUPREME COURT. An appeal from an order or judgment of the district court in a law action does not invest this court with jurisdiction of the cause. *Uecker v. Maydanz*, 62 Nebr., 618; *Hayden v. Hale*, 57 Nebr., 349.

APPEAL from the district court for Otoe county. The appeal was from an order taxing costs upon an application to amend pleadings. No jurisdiction. Heard below before JESSEN, J. *Dismissed*.

*William F. Moran*, for appellant.

*Edwin F. Warren*, contra.

HOLCOMB, J.

This is an attempted appeal from an order of the district court taxing against the plaintiff all costs of an action made at a designated term of said court held during the pendency thereof. From the stipulations in the record which it is agreed "shall stand as and for the transcript, bill of exceptions, and record in such action," it is disclosed that the action as originally begun was equitable in character, and that at the March, 1893, term of court, after trial began, the plaintiff requested and was permitted to amend his petition, and the cause was ordered continued at the cost of the plaintiff for the term. It was for the purpose of making this order effective, which seems never to have been done by a taxation of the costs in pursuance thereof, that the order complained of was entered of record. After the continuance referred to, the pleadings were recast and the action became one at law in ejectment. The cause was tried twice in the district court, and after each trial the record was brought here for review by a proceeding in

error.  After remanding the cause the second time for final disposition in pursuance of the mandate of this court, on motion of defendant's counsel the order complained of was entered taxing against plaintiff all costs of the term at which the continuance referred to was taken.  It is at once apparent from the forgoing statement that this court is without appellate jurisdiction to review the order complained of.  It is only in actions in equity that either party may appeal from the judgment, decree, or final order, rendered or made by the district court, to the supreme court.  Code of Civil Procedure, sec. 675; *Whalen v. Kitchen*, 61 Nebr., 329; *Uecker v. Magdanz*, 62 Nebr., 618.  As no petition in error is presented, and no such record brought here as gives to this court jurisdiction to review the action of the trial court leading to the order taxing costs, of which the plaintiff complains, by proceeding in error, the only proper disposition we can make of the cause is to dismiss the appeal, which is accordingly done.  A motion to summarily dismiss the appeal has heretofore been overruled tentatively until a full examination of the record was made.  Such examination leads to the conclusion we have just announced.  The appeal is

DISMISSED.